UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARLOS PADILLA ROMERO,

Petitioner,

Case No. 26-cv-875-pp

v.

SECRETARY MARKWAYNE MULLIN,
SAMUEL OLSON, ACTING USAG TODD BLANCHE,
DIRECTOR OF ICE TODD M. LYONS
and SHERIFF DALE J. SCHMIDT,

Respondents.

**ORDER SCREENING PETITION (DKT. NO. 1), ORDERING SERVICE ON SHERIFF DALE J. SCHMIDT AND REQUIRING RESPONDENTS TO SHOW CAUSE**

In 2006, when he was eleven years old, petitioner Carlos Padilla Romero entered the United States with his grandfather. Dkt. No. 1 at ¶2. The petitioner was abandoned by his mother and never met his father. Id. at ¶22. He attended high school in Wisconsin, married a United States citizen and is the father to two United States citizen children, ages one and two. Id. He works in Wisconsin and has extensive family in the United States. Id. at ¶32. In 2026, he was arrested at his home in Wisconsin on allegations by his sister-in-law, but no criminal charges ever were filed. Id. at ¶3. He was detained for a couple of days at the Outagamie County Jail, during which time immigration officials placed an immigration hold on him and transferred him to the custody of Immigration and Customs Enforcement. Id. at ¶3. ICE has taken the position that the

1

petitioner is subject to mandatory detention under 8 U.S.C. §1225(b)(2)(a) even though he was (1) arrested in Wisconsin (where he has lived for twenty years) and (2) not "seeking admission" at the time of his arrest. Id. at 5.

The petitioner filed a petition under 28 U.S.C. §2241 alleging violations of the Immigration and Nationality Act and the Due Process Clause. Id. at ¶¶86-101. Because the petitioner has paid the $5 filing fee, the court will screen the petition under Rule 4 of the Rules Governing §2254 Cases and will order the respondents to show cause why the petition should not be granted. The court will deny the petitioner's motion for temporary restraining order and preliminary injunction because those motions seek the same relief requested in the petition.

## I.      Legal Standard

The petitioner filed his petition under 28 U.S.C. §2241, but asserts that 28 U.S.C. §2243 requires a response "within three days unless for good cause additional time, not exceeding twenty days, is allowed." Section 2241 of Title 28 allows the court to review the legality of the petitioner's detention. Zadvydas v. Davis, 533 U.S. 678, 688 (2001). A court reviewing a petition under §2241 applies the Rules Governing Section 2254 Cases. Chagala v. Beth, Case No. 15-C-531, 2015 WL 2345614, at *1 (E.D. Wis. May 13, 2015). The Rules Governing Section 2254 Cases supersede the deadlines in 28 U.S.C. §2243, which means that *the court* sets the time for ordering an answer or other response. Brooks v. Pollard, Case No. 13-C-0199, 2013 WL 3289078, at *2-3 (E.D. Wis. June 27,

2

2013). To the extent the petitioner intended to request the expedited schedule allowed by §2243, that request is not appropriate.

Rule 4 of the Rules Governing §2254 Cases in the United States District Courts states that

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

At the screening stage, a court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court.

## II.     Habeas Petition

Born in Mexico on March 11, 1994, the petitioner was brought to the United States around 2006 by his grandfather. Id. at ¶23. He attended school in Wisconsin for approximately six years and graduated from high school. Id. at ¶25. The petitioner states that he never applied for Deferred Action for Childhood Arrivals because he lacked access to the necessary documentation from Mexico and had no family members capable of assisting him. Id. at ¶26. He married a United States citizen in 2023, and they have two young children. Id. at ¶28. He resides with his wife and children in Wisconsin and is the primary financial provider for the family. Id. at ¶30. He alleges that he has extensive ties in the United States and virtually no support system remaining in Mexico. Id. at ¶33. The petitioner asserts that he has no criminal conviction and has only one traffic citation, from 2014. Id. at ¶35.

3

The petitioner alleges that DHS initiated removal proceedings under 8 U.S.C. §1229a and charged him with entering without inspection. Id. at ¶39, 40. He asserts that the respondent has continued to detain him under the theory that he is subject to mandatory detention under 8 U.S.C. §1225(b)(2). Id. at ¶52. He argues that this detention violates the INA because he is not subject to mandatory detention. Id. at ¶¶87, 93. As a noncitizen brought to the country twenty years ago and apprehended in the interior of the United States, the petitioner asserts that he is entitled to an individualized custody determination under §1226(a). Id. at ¶91. He also argues that his detention violates the Due Process Clause of the Fifth Amendment. Id. at ¶¶94, 95.

## III. Analysis

A district court may grant a petitioner's request for a writ of *habeas* corpus if the petitioner demonstrates that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. §2241(c)(3). This court has granted a petition alleging similar facts. Cano-Ortega v. Olson, *et al.*, Case No. 25-cv-1919, 2026 WL 1746898, *12 (E.D. Wis. June 17, 2026). Specifically, the court held that §1225(b)(2)(A) applies to those noncitizens who are applicants for admission and seeking admission at the border or port of entry, and that §1226 applies to those noncitizens arrested in the interior of the country. Id. On the facts the petitioner has alleged, the court cannot conclude that he plainly is not entitled to relief. The court will order the respondent to show cause why the petition should not be granted. Unless the petitioner seeks leave

4

to file a reply brief, the court will resolve the petition on the petition and the respondents' response to the show-cause order.

The petitioner has named as respondents federal officials, who are represented by Assistant United States Attorney Stuart DP Gilgannon, and Sheriff Dale Schmidt, who is not a federal official and is not represented by AUSA Gilgannon. Because Schmidt has physical custody of the petitioner, the court will order the clerk's office to serve Schmidt with a copy of the petition and this order.

## IV. Conclusion

The court **ORDERS** that the Clerk of Court must affect service of the petition and this order on Sheriff Dale Schmidt.

The court **ORDERS** that within seven days of service, the respondents must show cause, in writing, why the petition should not be granted.

Dated in Milwaukee, Wisconsin this 10th day of July, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

5